**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**Edward T. BOWLES, Appellee.**

**No. 2005-SC-000039-DG.**

Supreme Court of Kentucky.

Nov. 1, 2007.

Gregory D. Stumbo, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Office of Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellant.

Susan Jackson Balliet, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

We reverse the opinion of the Court of Appeals which reversed and remanded the trial court's denial of a motion under RCr 11.42 filed by Appellee, Edward T. Bowles. We find that the Court of Appeals misapplied the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in addressing Bowles' ineffective assistance of counsel claim.

The Court of Appeals stated there were "several other areas of ineffective assistance of counsel," but centered its opinion on two alleged errors made by Bowles' defense lawyer at trial. The Court of Appeals went on to find that none of the errors, in and of themselves, were sufficient to reverse Bowles' murder conviction. However, the court stated that, when combined with the two major issues discussed, the errors constituted ineffective assistance of counsel.

We find that the two issues "combined" do not constitute evidence of ineffective assistance of counsel, and that the trial court sufficiently so found.

Bowles was convicted of murder by the Christian Circuit Court in the later part of 1996, and was sentenced to life in prison. On direct appeal, this Court affirmed that conviction in a unanimous opinion rendered April 16, 1998.[1]

In our opinion affirming the judgment of the trial court, we summarized the evidence as follows. The murder victim was a young woman by the name of Jackie Lovell. Appellee, his brother James Bowles, and Lovell had been partying together one evening. They had smoked cocaine and had engaged in consensual sex. At some point an argument ensued, and Appellee accused his brother and the victim of stealing money from him. According to the prosecution's evidence, Appellee found a butcher knife and, after his brother had left the house, Appellee stabbed Lovell. James testified that he returned to the house and assisted Appellee in loading the victim's body into a car. The body was later dumped off Interstate 24 near Clarksville, Tennessee.

---

1. *Bowles v. Commonwealth,* 1996–SC–000940–MR (Ky.1998). The Memorandum Opinion of the Court was not designated for publication.

As recognized in *Strickland v. Washington,* it is the nature of our system that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." 466 U.S. at 689, 104 S.Ct. 2052. Yet these differences seem to invite claims of ineffective assistance of counsel. If we were to reverse every criminal conviction whereby legal representation could have been better or different, the prosecution of criminal cases would slowly grind to a halt. Our highest courts, both at the federal and state levels, have recognized this. And in the process, they have established a very high bar for convicted persons challenging the sufficiency of their legal representation. *See Strickland v. Washington,* 466 U.S. at 668, 104 S.Ct. 2052; *Gall v. Commonwealth,* 702 S.W.2d 37 (Ky.1985). The *Strickland* standard is, of course, the core of this appeal. We believe that the trial court, after an extensive evidentiary hearing and a meticulously and well-written finding and judgment, got it right.

■ The *Strickland* opinion establishes a two-prong requirement. First, it must be shown that counsel's performance is so deficient as to deprive the defendant of the "counsel" guaranteed by the Sixth Amendment. 466 U.S. at 687, 104 S.Ct. 2052. Second, it must be proven that the deficiency prejudiced the defendant such that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 684, 104 S.Ct. 2052. The standard set out in *Strickland* was recognized and adopted by this Court in *Gall v. Commonwealth,* 702 S.W.2d at 39.

■ In applying the two-prong test for analyzing claims of ineffective assistance of counsel, we are mindful that the landmark case of *Strickland v. Washington* emphasizes that "[j]udicial scrutiny of counsel's performance must be highly deferential." 466 U.S. at 689, 104 S.Ct. 2052. *See also* *Moore v. Commonwealth,* 983 S.W.2d 479, 482 (Ky.1998). The U.S. Supreme Court in *Strickland* went on to say, "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* Thus, we must take extraordinary care before setting aside criminal convictions on the basis of ineffective assistance of counsel.

■ Appellee focuses primarily on two alleged deficiencies in his representation. First was the failure of his attorney to object to the introduction of evidence of Appellee being involved in a hit and run driving accident over two weeks after the murder. That incident involved Appellee striking a police cruiser and fleeing the scene. This issue was objected to by the attorney representing Appellee in the first trial of this matter, which ended in a mistrial. But the objection was not noted of record in the trial resulting in the conviction now under review. The court denied the motion *in limine* at the first trial. As the trial court noted, it is reasonable to assume that defense counsel thought the question was reserved due to the ruling on his motion *in limine* which was denied before the first trial began.

■ This Court does not have to decide whether the evidence of the hit and run accident was admissible at Bowles' trial. We can say, however, that it was not unreasonable for defense counsel to fail to object to its introduction. While Bowles' sister testified that she had not informed her brother that the police were looking for him at the time of the accident, it was still a question of fact as to whether, at the time of the accident, Bowles believed the police were searching for him. Of course,

flight is admissible as "an expression of a sense of guilt." *Rodriguez v. Commonwealth,* 107 S.W.3d 215, 219–220 (Ky.2003). Even if the jury believed that Appellee had not been notified that the police were looking for him, a person with a guilty conscience may well have fled in order to avoid any kind of confrontation with law enforcement officials. The trial court was of the opinion that such evidence was admissible. We are not prepared to say that the trial court erred, nor do we believe that counsel's failure to object to its admission establishes proof of deficient counsel.

█ The second alleged deficiency is even weaker. The primary prosecution witness was Appellee's brother, James Bowles. It was Appellee's defense theory that James himself had been the primary perpetrator of the murder. James Bowles testified that that he had never hurt anybody, and Appellee sought to impeach his brother's testimony by introducing evidence of an eighteen-year-old rape conviction. Appellee also sought to inquire of James about the details of this previous rape, apparently in order to establish James as the killer.

On direct appeal of Appellee's conviction, this Court held that the question had not been preserved. However, this Court went on to say that "the admission of the fact of the prior conviction and the name of the crime is sufficient rebuttal." *Bowles,* 1996–SC–000940–MR, slip op. at 12 (Ky. 1998).

The trial court allowed Appellee to introduce the fact of his brother's previous conviction, and to identify the offense. (It should also be noted that this conviction was over ten years old.[2]) It would seem to this Court that defense counsel got as much out of that issue as the evidentiary market would bear, and certainly he was not deficient in this regard.

We find that under the strict dictates of *Strickland* and *Gall,* the trial court was correct in finding that Appellee's defense counsel was not ineffective regarding the two issues discussed. Certainly, defense counsel's performance in regard to these two issues did not affect the outcome of the trial.

As a catch-all argument, counsel for Appellee argues cumulative mistakes. We agree with the Court of Appeals that none of these issues alone would warrant a reversal of Appellee's murder conviction. However, since we find no error as to the other issues addressed, they do not form a combination of errors which would justify setting aside the conviction. It should also be pointed out that the trial court addressed these issues adequately, both to Appellee's satisfaction and to ours.

This Court is of the opinion that Appellee does not overcome the first prong of the *Strickland* and *Gall* requirements. That is, he has failed to show that counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment." *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Gall,* 702 S.W.2d at 39.

Therefore, we reverse the finding of the Court of Appeals and reinstate the judgment and order of the Christian Circuit Court.

All sitting. All concur.

---

**2.** KRE 609(b) states that evidence of a conviction over 10 years old is not admissible for impeachment purpose unless the court determines "that the probative value of the conviction substantially outweighs its prejudicial effect." Also, KRE 609(1) does not allow the naming of the felony by the party procuring the impeachment.